UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AJANI CHAPPELL, individually and on behalf of all others similarly situated,

Plaintiff,

v.

NIKE RETAIL SERVICES, INC., an Oregon corporation,

Defendant.

CASE NO. 2:25-cv-02685-JNW

ORDER GRANTING IN PART PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES

## 1.  INTRODUCTION

Plaintiff Ajani Chappell, individually and on behalf of a putative class, sued Defendant Nike Retail Services, Inc., alleging that it violated various Washington wage and hour laws and regulations. Dkt. No. 1-1. Chappell now asks the Court to strike certain of Defendant's affirmative defenses under Federal Rule of Civil Procedure 12(f). Dkt. No. 11. For the reasons below, the motion is GRANTED IN PART.

ORDER GRANTING IN PART PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES - 1

## 2. LEGAL STANDARD

Affirmative defenses need not contain extensive factual allegations; they must only give the plaintiff fair notice of the nature of the defense asserted. *See Baylis v. Valve Corp.*, No. C23-1653RSM, 2025 WL 2161451, at *1 (W.D. Wash. July 30, 2025) ("An affirmative defense must be pled in such a way that plaintiffs have 'fair notice' of the defense, which generally requires that defendants state the nature and grounds for the affirmative defense."). A party wishing to challenge the sufficiency of an affirmative defense may move to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (cleaned up). "Rule 12(f) motions to strike are generally disfavored because the motions may be used as delay tactics and because of the strong policy favoring resolution on the merits." *Advanced Hair Restoration LLC v. Bosely Inc.*, No. C23-1031-KKE, 2023 WL 9024196, at *5 (W.D. Wash. Dec. 29, 2023) (citing *Chao Chen v. Geo Grp., Inc.*, 297 F. Supp. 3d 1130, 1132 (W.D. Wash. 2018)). On a motion to strike, the court "must take the facts as alleged by the non-moving party—here, the Defendants—as true for purposes of evaluating the adequacy of the challenged defense." *Ehart v. Lahaina Divers, Inc.*, 92 F.4th 844, 855 n.1 (9th Cir. 2024) (Collins, J., dissenting).

## 3.  DISCUSSION

Defendant asserted twenty-two affirmative defenses in the answer it filed in state court before removing the case to this Court. Dkt. No. 1-3. Plaintiff challenges six of them—the First, Second, Third, Sixth, Eighth, and Twentieth affirmative defenses—as insufficient, invalid, immaterial, impertinent, or redundant. Dkt. No. 11 at 1.

### 3.1    First and second affirmative defenses.

Defendant concedes that its first and second affirmative defenses—failure to state a claim and failure to establish injury-in-fact—may be stricken because they address whether Plaintiff has met her burden of proof rather than raising true affirmative defenses. *See* Dkt. No. 12 at 3; *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002) ("A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense."). Accordingly, the motion is granted as to the first and second affirmative defenses.

### 3.2    Third affirmative defense.

Plaintiff argues that Defendant's third affirmative defense—failure to mitigate—is irrelevant because mitigation is not required in Washington wage and hour cases. Dkt. No. 11 at 6. The Court agrees. Courts have held that mitigation is not an affirmative defense under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., and that reasoning applies equally to Plaintiff's claims under the Washington Minimum Wage Act, which Washington courts construe consistently with the FLSA. *See Bailon v. Seok AM No. 1 Corp.*, No. C09-05483-JRC, 2009 WL 4884340, at *2

(W.D. Wash. Dec. 9, 2009). Defendant appears to concede the point, arguing only that Plaintiff bears the burden of showing that Defendant "permitted its employees to work." Dkt. No. 12 at 4. The motion is therefore granted as to Defendant's third affirmative defense.

**3.3    Sixth affirmative defense.**

Defendant's sixth affirmative defense mistakenly cites RCW 49.58.110, a statute Plaintiff does not invoke in her complaint. Defendant concedes the error and states that it intended to cite RCW 49.52.070. *See* Dkt. No. 12 at 5. Accordingly, the motion is granted as to Defendant's sixth affirmative defense.

**3.4    Eighth and twentieth affirmative defense.**

Defendant's eighth and twentieth affirmative defenses raise the question whether Defendant acted in good faith. Dkt. No. 1-3 at 17–18. Washington courts recognize the defense as it relates to double-damages under RCW 40.52.070. S*ee Bennett v. Providence Health & Servs.*, 35 Wash. App. 2d 1073 (2025), *review granted*, 587 P.3d 1039 (2026) (Under RCW 49.52.070, "an employer is liable for double damages for willful wage violations *unless it carries the burden of showing that a statutory defense applies*.") (emphasis added). Plaintiff concedes that the defense is relevant to the "exception of the doubling of damages." Dkt. No. 13 at 6. Given the "strong policy favoring resolution on the merits," *see Advanced Hair*, 2023 WL 9024196, at *5, the Court denies the motion as to Defendant's eighth and twentieth affirmative defenses without prejudice.

## 4.  CONCLUSION

In sum, the motion is GRANTED IN PART. Defendant's First, Second, Third, and Sixth affirmative defenses are STRICKEN with leave to amend within fourteen (14) days of this order. The motion is DENIED as to Defendant's Eighth and Twentieth affirmative defense.

Dated this 29th day of June, 2026.

Jamal N. Whitehead
United States District Judge

ORDER GRANTING IN PART PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES - 5