The Honorable Jamal N. Whitehead

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| AJANI CHAPPELL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NIKE RETAIL SERVICES, INC., an Oregon corporation,<br><br>Defendant. | Civil Action No. 2:25−cv−02685−JNW<br><br>**DEFENDANT NIKE RETAIL SERVICES, INC.'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**<br><br>Judge: Honorable Jamal N. Whitehead<br><br>Trial Date: None Set |



SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
350 South Grand Avenue, 40th Floor
Los Angeles, California 90071-3460
213.620.1780

## I. INTRODUCTION

1.1 The allegations contained in Paragraph 1.1 purport to be a summary of Plaintiff's action against Defendant to which no response is required. To the extent a response is required, Defendant denies the allegations.

1.2 The allegations contained in Paragraph 1.2 purport to be a summary of Plaintiff's action against Defendant to which no response is required. To the extent a response is required, Defendant denies the allegations.

## II. JURISDICTION AND VENUE

2.1 Defendant admits that it does business, and is registered to do business, in the State of Washington and has operations in King County. Defendant denies that this matter is within the jurisdiction of this Court. Defendant also denies the remaining allegations contained in Paragraph 2.1.

2.2 Defendant denies the allegations contained in Paragraph 2.2.

2.3 Defendant admits that Plaintiff purports to bring his claims and claims of putative class members under Washington employment laws. Defendant denies the remaining allegations contained in Paragraph 2.3.

## III. PARTIES

3.1 Defendant lacks information and knowledge as to the truth or falsity of the allegations contained in Paragraph 3.1 about Plaintiff's current residence and therefore denies the same. Defendant admits the remaining allegations contained in Paragraph 3.1.

3.2 Defendant admits the allegations contained in Paragraph 3.2.

## IV. CLASS ACTION ALLEGATIONS

4.1 Defendant admits Plaintiff purports to bring his claims on a class basis. Defendant denies that class treatment is appropriate and thus denies all remaining allegations contained in Paragraph 4.1.

4.2 Defendant admits Plaintiff purports to bring his claims on a class basis. However, Defendant denies that class treatment is appropriate. The allegations contained in Paragraph 4.2



SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
350 South Grand Avenue, 40th Floor
Los Angeles, California 90071-3460
213.620.1780

constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant admits the remaining allegations contained in Paragraph 4.2.

4.3a-x Defendant denies that class treatment is appropriate. The allegations contained in Paragraph 4.3, inclusive of subparts a.–x., constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 4.3 and denies that there are common questions of law and fact to Plaintiff and the putative class members they seek to represent.

4.4 Defendant denies that class treatment is appropriate. The allegations contained in Paragraph 4.4 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 4.4 and denies that Plaintiff's purported claims are typical of the putative class members they seek to represent.

4.5 Defendant denies that class treatment is appropriate. The allegations contained in Paragraph 4.5 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 4.5 and denies that Plaintiff and their counsel would adequately protect the interests of the putative class members they seek to represent.

4.6 Defendant denies that class treatment is appropriate. The allegations contained in Paragraph 4.6 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 4.6 and denies that common issues predominate over individualized issues for the putative class members Plaintiff seeks to represent.

4.7 Defendant denies that class treatment is appropriate. The allegations contained in Paragraph 4.7 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 4.7 and denies that class treatment is the superior method to adjudicate any purported claims of the putative class members Plaintiff is trying to represent.



SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
350 South Grand Avenue, 40th Floor
Los Angeles, California 90071-3460
213.620.1780

## V. SUMMARY OF FACTUAL ALLEGATIONS

5.1 The allegations contained in Paragraph 5.1 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 5.1.

5.2 The allegations contained in Paragraph 5.2 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 5.2 and denies that class treatment is appropriate.

5.3 The allegations contained in Paragraph 5.3 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 5.3 and denies that class treatment is appropriate.

5.4 The allegations contained in Paragraph 5.4 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 5.4 and denies that class treatment is appropriate.

5.5 The allegations contained in Paragraph 5.5 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 5.5 and denies that class treatment is appropriate.

5.6 The allegations contained in Paragraph 5.6 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 5.6.

5.7 The allegations contained in Paragraph 5.7 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 5.7 and denies that class treatment is appropriate.

5.8 The allegations contained in Paragraph 5.8 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 5.8.



SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
350 South Grand Avenue, 40th Floor
Los Angeles, California 90071-3460
213.620.1780

5.9 The allegations contained in Paragraph 5.9 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 5.9 and denies that class treatment is appropriate.

5.10 The allegations contained in Paragraph 5.10 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 5.10 and denies that class treatment is appropriate.

5.11 The allegations contained in Paragraph 5.11 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 5.11 and denies that class treatment is appropriate.

5.12 The allegations contained in Paragraph 5.12 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 5.12 and denies that class treatment is appropriate.

5.13 The allegations contained in Paragraph 5.13 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 5.13 and denies that class treatment is appropriate.

5.14 The allegations contained in Paragraph 5.14 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 5.14.

5.15 The allegations contained in Paragraph 5.15 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 5.15 and denies that class treatment is appropriate.

5.16 The allegations contained in Paragraph 5.16 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 5.16 and denies that class treatment is appropriate.

5.17 The allegations contained in Paragraph 5.17 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 5.17 and denies that class treatment is appropriate.



SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
350 South Grand Avenue, 40th Floor
Los Angeles, California 90071-3460
213.620.1780

5.18 The allegations contained in Paragraph 5.18 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 5.18.

5.19 The allegations contained in Paragraph 5.19 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 5.19 and denies that class treatment is appropriate.

5.20 The allegations contained in Paragraph 5.20 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 5.20 and denies that class treatment is appropriate.

5.21 The allegations contained in Paragraph 5.21 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 5.21 and denies that class treatment is appropriate.

5.22 The allegations contained in Paragraph 5.22 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 5.22.

5.23 The allegations contained in Paragraph 5.23 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 5.23 and denies that class treatment is appropriate.

5.24 The allegations contained in Paragraph 5.24 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 5.24 and denies that class treatment is appropriate.

5.25 The allegations contained in Paragraph 5.25 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 5.25.

5.26 The allegations contained in Paragraph 5.26 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 5.26 and denies that class treatment is appropriate.



SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
350 South Grand Avenue, 40th Floor
Los Angeles, California 90071-3460
213.620.1780

5.27 The allegations contained in Paragraph 5.27 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 5.27 and denies that class treatment is appropriate.

5.28 The allegations contained in Paragraph 5.28 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 5.28 and denies that class treatment is appropriate.

5.29 The allegations contained in Paragraph 5.29 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 5.29 and denies that class treatment is appropriate.

5.30 The allegations contained in Paragraph 5.30 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 5.30.

5.31 The allegations contained in Paragraph 5.31 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 5.31 and denies that class treatment is appropriate.

5.32 The allegations contained in Paragraph 5.32 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 5.32.

5.33 The allegations contained in Paragraph 5.33 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 5.33 and denies that class treatment is appropriate.

5.34 The allegations contained in Paragraph 5.34 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 5.34 and denies that class treatment is appropriate.

5.35 The allegations contained in Paragraph 5.35 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 5.35.



SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
350 South Grand Avenue, 40th Floor
Los Angeles, California 90071-3460
213.620.1780

## VI. FIRST CLAIM FOR RELIEF

**(Violations of RCW 49.12.020 and WAC 296-126-092 – Failure to Provide Rest Periods)**

6.1 Defendant incorporates and realleges all preceding paragraphs as if fully stated herein. The allegations contained in Paragraph 6.1 constitute a legal conclusion to which no response is required as it realleges and incorporates the previous Paragraphs. To the extent a response is required, Defendant denies the allegations and denies that class treatment is appropriate.

6.2 The allegations contained in Paragraph 6.2 are a restatement of law, which speaks for itself. To the extent a response is required, Defendant denies the allegations and denies that class treatment is appropriate.

6.3 The allegations contained in Paragraph 6.3 are a restatement of law, which speaks for itself. To the extent a response is required, Defendant denies the allegations and denies that class treatment is appropriate.

6.4 The allegations contained in Paragraph 6.4 are a restatement of law, which speaks for itself. To the extent a response is required, Defendant denies the allegations and denies that class treatment is appropriate.

6.5 The allegations contained in Paragraph 6.5 are a restatement of law, which speaks for itself. To the extent a response is required, Defendant denies the allegations and denies that class treatment is appropriate.

6.6 The allegations contained in Paragraph 6.6 are a restatement of law, which speaks for itself. To the extent a response is required, Defendant denies the allegations and denies that class treatment is appropriate.

6.7 The allegations contained in Paragraph 6.7 are a restatement of law, which speaks for itself. To the extent a response is required, Defendant denies the allegations and denies that class treatment is appropriate.



SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
350 South Grand Avenue, 40th Floor
Los Angeles, California 90071-3460
213.620.1780

6.8 The allegations contained in Paragraph 6.8 are a restatement of law, which speaks for itself. To the extent a response is required, Defendant denies the allegations and denies that class treatment is appropriate.

6.9 The allegations contained in Paragraph 6.9 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 6.9.

6.10 The allegations contained in Paragraph 6.10 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 6.10 and denies that class treatment is appropriate.

## VII. SECOND CLAIM FOR RELIEF

**(Violations of RCW 49.12.020 and WAC 296-126-092 – Failure to Provide Meal Periods)**

7.1 Defendant incorporates and realleges all preceding paragraphs as if fully stated herein. The allegations contained in Paragraph 7.1 constitute a legal conclusion to which no response is required as it realleges and incorporates the previous Paragraphs. To the extent a response is required, Defendant denies the allegations and denies that class treatment is appropriate.

7.2 The allegations contained in Paragraph 7.2 are a restatement of law, which speaks for itself. To the extent a response is required, Defendant denies the allegations and denies that class treatment is appropriate.

7.3 The allegations contained in Paragraph 7.3 are a restatement of law, which speaks for itself. To the extent a response is required, Defendant denies the allegations and denies that class treatment is appropriate.

7.4 The allegations contained in Paragraph 7.4 are a restatement of law, which speaks for itself. To the extent a response is required, Defendant denies the allegations and denies that class treatment is appropriate.



SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
350 South Grand Avenue, 40th Floor
Los Angeles, California 90071-3460
213.620.1780

7.5 The allegations contained in Paragraph 7.5 are a restatement of law, which speaks for itself. To the extent a response is required, Defendant denies the allegations and denies that class treatment is appropriate.

7.6 The allegations contained in Paragraph 7.6 are a restatement of law, which speaks for itself. To the extent a response is required, Defendant denies the allegations and denies that class treatment is appropriate.

7.7 The allegations contained in Paragraph 7.7 are a restatement of law, which speaks for itself. To the extent a response is required, Defendant denies the allegations and denies that class treatment is appropriate.

7.8 The allegations contained in Paragraph 7.8 are a restatement of law, which speaks for itself. To the extent a response is required, Defendant denies the allegations and denies that class treatment is appropriate.

7.9 The allegations contained in Paragraph 7.9 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 7.9.

7.10 The allegations contained in Paragraph 7.10 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 7.10 and denies that class treatment is appropriate.

## VIII. THIRD CLAIM FOR RELIEF

**(Violations of RCW 49.46.130 – Failure to Pay Overtime Wages)**

8.1 Defendant incorporates and realleges all preceding paragraphs as if fully stated herein. The allegations contained in Paragraph 8.1 constitute a legal conclusion to which no response is required as it realleges and incorporates the previous Paragraphs. To the extent a response is required, Defendant denies the allegations and denies that class treatment is appropriate.



SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
350 South Grand Avenue, 40th Floor
Los Angeles, California 90071-3460
213.620.1780

8.2 The allegations contained in Paragraph 8.2 are a restatement of law, which speaks for itself. To the extent a response is required, Defendant denies the allegations and denies that class treatment is appropriate.

8.3 The allegations contained in Paragraph 8.3 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 8.3.

8.4 The allegations contained in Paragraph 8.4 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 8.4 and denies that class treatment is appropriate.

## IX. FOURTH CLAIM FOR RELIEF

## (Violations of RCW 49.46.090 – Payment of Wages Less than Entitled)

9.1 Defendant incorporates and realleges all preceding paragraphs as if fully stated herein. The allegations contained in Paragraph 9.1 constitute a legal conclusion to which no response is required as it realleges and incorporates the previous Paragraphs. To the extent a response is required, Defendant denies the allegations and denies that class treatment is appropriate.

9.2 The allegations contained in Paragraph 9.2 are a restatement of law, which speaks for itself. To the extent a response is required, Defendant denies the allegations and denies that class treatment is appropriate.

9.3 The allegations contained in Paragraph 9.3 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 9.3.

9.4 The allegations contained in Paragraph 9.4 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 9.4 and denies that class treatment is appropriate.



SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
350 South Grand Avenue, 40th Floor
Los Angeles, California 90071-3460
213.620.1780

## X. FIFTH CLAIM FOR RELIEF

**(Violations of RCW 49.46.210 and WAC 296-128-620 – Failure to Accrue and Allow Use of Paid Sick Leave)**

10.1 Defendant incorporates and realleges all preceding paragraphs as if fully stated herein. The allegations contained in Paragraph 10.1 constitute a legal conclusion to which no response is required as it realleges and incorporates the previous Paragraphs. To the extent a response is required, Defendant denies the allegations and denies that class treatment is appropriate.

10.2 The allegations contained in Paragraph 10.2 are a restatement of law, which speaks for itself. To the extent a response is required, Defendant denies the allegations and denies that class treatment is appropriate.

10.3 The allegations contained in Paragraph 10.3 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 10.3 and denies that class treatment is appropriate.

10.4 The allegations contained in Paragraph 10.4 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 10.4.

10.5 The allegations contained in Paragraph 10.5 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 10.5 and denies that class treatment is appropriate.

## XI. SIXTH CLAIM FOR RELIEF

**(Violations of RCW 9.52.060 and WAC 296-126-028 – Unlawful Deductions and Rebates)**

11.1 The allegations contained in Paragraph 11.1 are a restatement of law, which speaks for itself. To the extent a response is required, Defendant denies the allegations and denies that class treatment is appropriate.



SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
350 South Grand Avenue, 40th Floor
Los Angeles, California 90071-3460
213.620.1780

11.2 The allegations contained in Paragraph 11.2 are a restatement of law, which speaks for itself. To the extent a response is required, Defendant denies the allegations and denies that class treatment is appropriate.

11.3 The allegations contained in Paragraph 11.3 are a restatement of law, which speaks for itself. To the extent a response is required, Defendant denies the allegations and denies that class treatment is appropriate.

11.4 The allegations contained in Paragraph 11.4 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 11.4.

11.5 The allegations contained in Paragraph 11.5 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 11.5 and denies that class treatment is appropriate.

## XII. SEVENTH CLAIM FOR RELIEF

**(Violations of RCW 49.48.010 – Failure to Pay All Wages Due at Termination)**

12.1 Defendant incorporates and realleges all preceding paragraphs as if fully stated herein. The allegations contained in Paragraph 12.1 constitute a legal conclusion to which no response is required as it realleges and incorporates the previous Paragraphs. To the extent a response is required, Defendant denies the allegations and denies that class treatment is appropriate.

12.2 The allegations contained in Paragraph 12.2 are a restatement of law, which speaks for itself. To the extent a response is required, Defendant denies the allegations and denies that class treatment is appropriate.

12.3 The allegations contained in Paragraph 12.3 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 12.3 and denies that class treatment is appropriate.



SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
350 South Grand Avenue, 40th Floor
Los Angeles, California 90071-3460
213.620.1780

12.4 The allegations contained in Paragraph 12.4 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 12.4 and denies that class treatment is appropriate.

## XIII. EIGHTH CLAIM FOR RELIEF

**(Violations of RCW 49.52.050 – Willful Refusal to Pay Wages)**

13.1 Defendant incorporates and realleges all preceding paragraphs as if fully stated herein. The allegations contained in Paragraph 13.1 constitute a legal conclusion to which no response is required as it realleges and incorporates the previous Paragraphs. To the extent a response is required, Defendant denies the allegations and denies that class treatment is appropriate.

13.2 The allegations contained in Paragraph 13.2 are a restatement of law, which speaks for itself. To the extent a response is required, Defendant denies the allegations and denies that class treatment is appropriate.

13.3 The allegations contained in Paragraph 13.3 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 13.3 and denies that class treatment is appropriate.

13.4 The allegations contained in Paragraph 13.4 are a restatement of law, which speaks for itself. To the extent a response is required, Defendant denies the allegations and denies that class treatment is appropriate.

13.5 The allegations contained in Paragraph 13.5 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 13.5 and denies that class treatment is appropriate.

## XIV. PLAINTIFF'S PRAYER FOR RELIEF

Defendant denies that Plaintiff and the purported class are entitled to any of the relief sought herein and denies that class treatment is appropriate.



SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
350 South Grand Avenue, 40th Floor
Los Angeles, California 90071-3460
213.620.1780

## GENERAL DENIAL

Any allegations or statements in the Complaint, including Plaintiff's damages and Prayer for Relief, not expressly admitted are denied.

## AFFIRMATIVE DEFENSES

BY WAY OF FURTHER ANSWER AND DEFENSE, and in an abundance of caution, Defendant asserts the following defenses and affirmative defenses, some or all of which may ultimately be supported by the facts to be revealed in the investigation of this case.

1. To the extent Plaintiff's damages or the damages of the real parties in interest, if any such damages exist, were caused by Plaintiff, or others not under Defendant's control, or any other superseding cause, Defendant is not responsible for such damages.

2. Any damages recovered by Plaintiff or the real parties in interest must be offset by any compensation the real parties in interest have received or could have received with reasonable diligence for the period for which they seek damages.

3. Any and all exemplary damages arising out of the statute underlying Plaintiff's clams, RCW 49.52.070, are inconsistent under the United States and/or Washington Constitutions.

4. Defendant's actions and conduct, to the extent those occurred as alleged, were objectively reasonable under the circumstances of which the Defendant was then aware and complied with all legal obligations.

5. Defendant's actions or inactions were justified, legal, legitimate, and made in good faith, with reasonable grounds for believing its actions or inactions did not violate the law.

6. Defendant's wage violations, if any, were not willful and/or are the subject of a bona fide dispute.

7. Plaintiff's claims, or those they seek to represent, are barred by the doctrine of waiver.



SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
350 South Grand Avenue, 40th Floor
Los Angeles, California 90071-3460
213.620.1780

8. To the extent the doctrine of after-acquired evidence applies, pending further investigation and discovery, Defendant reserves the right to seek dismissal of some or all of Plaintiff's claims.

9. Some of Plaintiff's claims, or those they seek to represent, may be barred by the compromise and settlement, accord and satisfaction, unclean hands, laches, waiver, avoidable consequences, release, after-acquired evidence, and estoppel.

10. Plaintiff's claims are barred by the statute of limitations to the extent they involve transactions, events, or allegations and/or seek damages for periods of times outside the applicable limitation's periods.

11. Plaintiff's proposed class fails to satisfy the prerequisites for class or collective treatment under applicable law and, therefore, the class or collective allegations in the Complaint should be stricken and dismissed.

12. Plaintiff's Complaint fails to adequately plead a valid class or collective claim in that it fails to state a valid claim for relief as to each allegedly similarly situated putative class member and fails to identify any other potential plaintiffs.

13. Class certification is inappropriate due to conflicts of interest between Plaintiff and putative class members, or between and among putative class or subclass members.

14. Plaintiff's claims are barred to the extent that any award in this action would constitute unjust enrichment.

15. Plaintiff's claims are barred by the doctrine of unclean hands.

16. Defendant acted with *bona fide* reasons for believing that its conduct complied with the law and without malice or recklessness toward Plaintiff's legal rights.

17. Defendant's actions or omissions were taken in good faith and with the honest and good faith belief that its actions complied with the law.

18. Defendant's conduct was not the cause of any injury, loss, or damage to Plaintiff.

19. To the extent that Defendant was aware of any objectionable behavior directed towards Plaintiff, it took prompt, effective remedial action to stop it.



SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
350 South Grand Avenue, 40th Floor
Los Angeles, California 90071-3460
213.620.1780

## RESERVATION OF RIGHTS

Defendant reserves the right to amend this Answer to assert additional defenses or affirmative defenses, counterclaims, third-party claims or crossclaims or to strike affirmative defenses asserted herein, pending discovery.

## DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, having answered Plaintiff's Complaint and asserted affirmative defenses, Defendant prays for judgment as follows:

1. That Plaintiff's Complaint be dismissed in its entirety with prejudice;

2. That the certification of any proposed class or classes be denied;

3. That Defendant be awarded its reasonable attorney fees, costs, and disbursements as permitted by law; and

3. For such other and further relief as the Court deems just and equitable.



SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
350 South Grand Avenue, 40th Floor
Los Angeles, California 90071-3460
213.620.1780

July 13, 2026

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations

*/s/ Daniel F. De La Cruz*

Matthew A. Tobias, *Pro Hac Vice*
Angela S. Chuang, *Pro Hac Vice*
350 South Grand Avenue, 40th Floor
Los Angeles, California 90071-3460
Phone: 213.620.1780
Fax: 213.620.1398
E-mail: mtobias@sheppard.com
achuang@sheppard.com

Daniel F. De La Cruz, WSBA No. 52976
501 West Broadway, 18th Floor
San Diego, California 92101-3598
Telephone: 619.338.6500
Facsimile: 619.234.3815
E-mail: ddelacruz@sheppard.com

Attorneys for NIKE RETAIL SERVICES, INC.

# CERTIFICATE OF SERVICE

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 350 South Grand Avenue, 40th Floor, Los Angeles, CA 90071.

On July 13, 2026, I served true copies of the following document(s) described as **DEFENDANT NIKE RETAIL SERVICES, INC.'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** on the interested parties in this action as follows:

| | |
|---|---|
| Justice Law Corporation<br>Douglas Han<br>Shunt Tatavos-Gharajeh<br>Talia Lux<br>751 N Fair Oaks Ave, Suite 101<br>Pasadena, CA 91103<br>Tel: 818-230-7502<br>Fax: 818-230-7259<br>E-mail: dhan@justicelawcorp.com<br>statavos@justicelawcorp.com<br>tlux@justicelawcorp.com<br>jtorrez@justicelawcorp.com<br>shanneyan@justicelawcorp.com<br>fgonzalez@justicelawcorp.com | *Attorneys for Plaintiff*<br>AJANI CHAPPELL |

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 13, 2026, at Los Angeles, California.

Angie Sotelo



SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
350 South Grand Avenue, 40th Floor
Los Angeles, California 90071-3460
213.620.1780